FILED

NOT FOR PUBLICATION

MAY 13 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURDEV SINGH,<br><br>            Petitioner - Appellant,<br><br>      v.<br><br>JANET NAPOLITANO, Secretary,<br>Department of Homeland Security[**]; ERIC<br>H. HOLDER, JR., Attorney General,[***]<br>ROBIN BAKER, Director of San Diego<br>Field Office, U.S. Immigration and<br>Customs Enforcement; ROBERT<br>RILLAMAS, Officer-in-Charge,<br><br>            Respondents - Appellees. | No. 09-56567<br><br>D.C. No. 3:08-cv-00464-BTM-<br>JMA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted October 4, 2010
Pasadena, California

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]Janet Napolitano is substituted for her predecessor, Michael Chertoff, as
Secretary of Homeland Security, pursuant to Fed. R. App. P. 43(c)(2).

[***]Eric H. Holder, Jr. is substituted for his predecessor, Michael B. Mukasey,
as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

Before: GRABER, FISHER and BYBEE, Circuit Judges.[****]

Gurdev Singh appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2241 habeas petition challenging his prolonged immigration detention without bond. He contends that his bond hearing, provided under *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008), violated due process. The government argues that we should dismiss Singh's appeal because he failed to exhaust administrative remedies before filing his habeas petition in the district court. We affirm in part, vacate in part and remand.

We have addressed the proper procedure for challenging a *Casas* bond determination in *Leonardo v. Crawford*, No. 09-17495, --- F.3d ---- (9th Cir. 2011). Even though Singh failed to follow that procedure, we conclude that, given the unique circumstances of this case he should be permitted to amend his habeas petition to take account of the Board of Immigration Appeals' (BIA) intervening decision denying his appeal. *See Arango Marquez v. INS*, 346 F.3d 892, 897 (9th Cir. 2003) ("[T]he exhaustion requirement in § 2241 cases is prudential[] rather than jurisdictional.").

---

[****]Judge Susan P. Graber was drawn to replace Judge Cynthia Holcomb Hall, now deceased. Judge Graber has read the briefs, reviewed the record and listened to the tape of oral argument held on October 4, 2010.

First, Singh has now exhausted his administrative remedies, having appealed the immigration judge's denial of bond to the BIA, which affirmed the immigration judge's decision. Second, Singh's failure to exhaust before seeking habeas relief appears to have occurred because he filed his initial habeas petition before our decisions in *Casas-Castrillon* and *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008), which prompted the government to provide Singh the individualized bond hearing that forms the basis of his amended petition. Third, the district court dismissed Singh's petition in part because of its incorrect assumption that, following administrative exhaustion, Singh should file a petition for review in this court rather than file a habeas petition in the district court. As we clarified in *Leonardo*, this is not the proper course of action. *Cf. Alcala v. Holder*, 563 F.3d 1009, 1015 (9th Cir. 2009).

We therefore vacate the dismissal of Singh's habeas petition for failure to exhaust administrative remedies. On remand, the district court is instructed to permit Singh to file an amended habeas petition taking account of the BIA's decision in this case. The district court should consider the merits of that amended petition in light of relevant authority, including *V. Singh v. Holder*, No. 10-15715, --- F.3d ----, 2011 WL 1226379 (9th Cir. Mar. 31, 2011).

The district court properly rejected Singh's argument that his release is required by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), because there is "no significant likelihood of removal in the reasonably foreseeable future." Singh's speculative argument, supported by indeterminate evidence, that India will not accept him because he is Sikh is insufficient to support the conclusion that his detention is "indefinite and potentially permanent." *Prieto-Romero*, 534 F.3d at 1064 (citation omitted).

The district court did not abuse its discretion by refusing to permit Singh to add a new cause of action, unrelated to his initial *Casas* hearing, when the district court had already entered judgment denying the petition and Singh had already appealed that judgment to this court. *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (per curiam) ("While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action" (citations and internal quotation marks omitted)).

The government's motion to file an oversized brief is **GRANTED.**

The government's motion for judicial notice of the June 10, 2009 BIA bond appeal decision is **GRANTED.**

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART and REMANDED**.

4